COLE v. OIL-WELL SUPPLY CO.

(Circuit Court, S. D. New York. September 6, 1893.)

1. RECEIVER—INSOLVENT CORPORATION—PROPERTY ATTACHED UNDER PROCESS OF STATE COURT.

If the property of an insolvent foreign corporation has been seized by the sheriff under a warrant of attachment issued by a state court in an action which has afterwards been prosecuted to judgment, and execution issued and levy made upon the property seized, a receiver appointed subsequent to the attachment by the United States circuit court of the district in which such property is situated takes the property of the corporation in the jurisdiction subject to such rights over the same as had been acquired by the prior proceedings in the state court.

**2. SAME—ASSIGNMENT BY INSOLVENT CORPORATION.**

On June 19, 1893, a receiver of the property of a foreign corporation was appointed in an action brought in the circuit court for the western district of Pennsylvania. Pursuant to the terms of the order, the corporation on the same day executed and delivered to the receiver an assignment of its property in New York city, including the property in controversy, and the property was taken possession of by an agent of the receiver. On June 29, 1893, the sheriff of New York county seized the property in controversy under a warrant of attachment issued by a state court in an action brought against the foreign corporation. In an action brought against the corporation in the circuit court for the southern district of New York, that court appointed the Pennsylvania receiver the receiver of the property of the defendant within its jurisdiction. As receiver appointed by the New York circuit court, he applied to that court for a summary order to the sheriff to surrender the seized property. *Held,* that the assignment executed pursuant to the decree of the Pennsylvania circuit court passed the title to the property to the receiver as an officer of that court, and not as an officer of the New York circuit court, and that in his capacity of receiver, appointed by the New York court, he was not entitled to possession of the property, and the order asked should not be granted.

In Equity. Petition by John Eaton, receiver of the property of the defendant in an action by Edward H. Cole against the Oil-Well Supply Company, for a summary order to the sheriff of the county of New York to surrender certain personal property seized by the sheriff under a warrant of attachment issued by the state court in an action against the defendant, a foreign corporation. Denied.

Abel Crook, for petitioner.

Lockwood & Hill, for defendant.

LACOMBE, Circuit Judge. By order made in this action, one John Eaton was on July 24, 1893, duly appointed receiver of the property of the defendant, within the jurisdiction of this court. Prior thereto, and on June 29, 1893, the sheriff of the county of New York had seized and taken possession of certain personal property at No. 32 Courtland street, which personal property originally belonged to the defendant corporation. The seizure by the sheriff was under a warrant of attachment issued by the state court in an action brought against the defendant, a foreign corporation, which action has since been prosecuted to judgment, execution issued, and levy made upon the property so seized. The receiver, as petitioner, applies for a summary order to the sheriff to surrender such property to the receiver. Under the facts above stated, he is not entitled to such relief. He took the property of defendant in his jurisdiction by virtue of the order of this court, subject to whatever rights over the same had been acquired by prior proceedings in the state court; and it is the universal practice of the federal courts not to interfere with the state court if it has acquired custody of property prior to the entertainment by the federal court of an application for a receivership.

The petitioner relies, however, upon other facts happening before the issuance of the attachment, and which he contends entitle him to the relief prayed for. On June 19, 1893, in an action brought in

the circuit court for the western district of Pennsylvania by Edward H. Cole, the plaintiff here and another plaintiff, one E. Parke Coby, against this defendant, the same John Eaton was appointed receiver of the property of said defendant corporation, wherever situated. It is conceded that Eaton's appointment by that court did not transfer to him the legal title to any property of the defendant outside of the western district of Pennsylvania. But it further appears that on June 19th the defendant executed and delivered to Eaton, as receiver under such decree, and in accordance with its terms, an assignment of its property in New York city, including that in question; and it is further alleged that the property was taken possession of at 32 Courtland street by one Collins, as agent. of the receiver.

The only question in the case is, does such assignment entitle this petitioner in this action to the relief prayed for? If the assignment was inoperative to transfer the legal title to the property, as was contended on the argument, the title still remained in the corporation, and it was subject to the sheriff's levy. If, however, the assignment was valid and operative, then the legal title to that property passed to the receiver appointed by the court in Pennsylvania on June 19th, and, being no longer property of the corporation in this jurisdiction, did not pass to the receiver appointed by this court under its order on July 24th. In neither view of the case is John Eaton, as receiver appointed by this court, entitled to its possession, and it is as receiver appointed by this court in this action that he prays in this action for a summary order ousting the sheriff, and putting the property into his possession. What rights and title he acquired by the assignment he acquired under his Pennsylvania appointment. They were complete before this action was brought, and, if he desire to test them, it must be otherwise than by such an application in this action. It is true the same individual has been appointed receiver in both actions, but that was because, as matter of comity, the second appointing court so chose. It was under no legal obligation to appoint him. It might have selected some one else, and the legal effect of the orders of the two courts is not changed by the circumstance that the same individual happens to be the nominee of both.